IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CINDY GMITTER, )
O/B/O RONALD J. GMITTER, )
)
Plaintiff, )
)
v. )
) Civil Action No. 09-715
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER OF COURT**

This is an appeal from the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is proper pursuant to 42 U.S.C § 405(g). Plaintiff, Cindy Gmitter, on behalf of Ronald J. Gmitter, alleges that the Administrative Law Judge's ("ALJ") decision that Mr. Gmitter is not disabled, and therefore not entitled to disability insurance benefits, should be reversed because the ALJ failed to afford proper weight to the medical evidence and that there is new evidence requiring a remand under sentence six of 42 U.S.C. § 405(g).

**I. Standard of Review**

When reviewing a decision denying DIB and SSI, the district court's role is limited to determining whether substantial evidence exists in the record to support the ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)(quoting *Richardson v. Perales*, 402 U.S. 389,

1

401 (1971)). Additionally, if the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); *Richardson,* 402 U.S. at 390. A district court cannot conduct a *de novo* review of the Commissioner's decision nor re-weigh evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See* 5 U.S.C. §706.

To be eligible for social security benefits under the Act, a claimant must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The ALJ must utilize a five-step sequential analysis when evaluating the disability status of each claimant. 20 C.F.R. §404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or a combination of impairments that is severe; (3) whether the medical evidence of the claimant's impairment or combination of impairments meets or equals the criteria listed in 20 C.F.R., pt. 404 subpt. P., appx. 1; (4) whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy. 20 C.F.R. §404.1520(a)(4).

If the claimant is determined to be unable to resume previous employment, the burden shifts to the Commissioner (Step 5) to prove that, given plaintiffs's mental or physical limitations, age, education, and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Doak v. Heckler,* 790 F.2d 26, 28 (3d Cir. 1986).

2

## II. Procedural History

Ronald Gmitter protectively filed an application for Disability Insurance Benefits on October 10, 2006. (R. at 10). He alleged a disability onset date of July 31, 2006 due to pancreatitis, depression and a sleep disorder. (R. at 10, 101). Ronald Gmitter's claim was denied on April 19, 2007 and a hearing before an ALJ was requested on May 3, 2007. (R. at 27, 34). Ronald Gmitter died of a myocardial infarction on March 16, 2008, prior to the hearing before the ALJ. (R. at 10). On August 26, 2008, Ronald Gmitter's wife, Cynthia Gmitter, gave notice that she was substituting as a party for Ronald Gmitter's claim and she requested that a decision by the ALJ be made without a hearing. (R. at 40.) On October 21, 2008, the ALJ decided that Ronald Gmitter had not been under a disability through the date of the decision and that his death was not due to a medically determinable impairment prior to the date of his death. (R. at 10-18). On March 26, 2009, the Appeals Council denied the request for review of the ALJ's decision. (R. at 1-3). After exhausting all administrative remedies, Plaintiff commenced this action against the Commissioner pursuant to 42 U.S.C. § 405(g) on June 3, 2009. (Docket No. 1).

In his decision, the ALJ determined that Ronald Gmitter was not disabled at the fifth step of the sequential evaluation process. (R. at 17-18). He found that Ronald Gmitter suffered from chronic pancreatitis secondary to alcohol abuse, excessive daytime sleepiness (possibly narcolepsy), major depression, alcohol and marijuana abuse, which were deemed to be severe impairments under 20 C.F.R. §404.1521 *et seq*. (R. at 12). The ALJ determined that these impairments did not meet or medically equal the listed impairments found in 20 C.F.R. Pt. 404, Subpt. P., Appx. 1. (R. at 14). The ALJ found that Ronald Gmitter was unable to return to his past relevant work, however, he would have the residual functional capacity to perform light work as defined in 20 C.F.R. 404.

3

1567(b) except that he can perform simple, repetitive work that does not require driving of a motor vehicle or exposure to hazardous operations or unprotected heights. (R. at 15-17). The ALJ concluded that jobs falling within the confines of Ronald Gmitter's residual functional capacity existed in significant numbers in the local and national economy and he was therefore not disabled under the Act.(R. at 17-18).

### III. Discussion

In support of the motion for summary judgement, Plaintiff argues that the case should be remanded back to the Commissioner for two reasons. First, that the additional evidence cited by Plaintiff indicates that Ronald Gmitter had a medically determinable impairment that caused his death and the evidence should be considered by the Commissioner thus requiring remand. *See* (Docket No. 23-1). Second, that the ALJ failed to properly consider the extent of Ronald Gmitter's limitations arising due to his blackouts and excessive daytime sleepiness. The Court will address each argument in turn.

The Commissioner's brief points out, in regards to Plaintiff's first argument, the evidence cited was not before the Commissioner and thus can only warrant remand under sentence six of 42 U.S.C. §405(g). The cover letter attached to the additional evidence that was sent to the Appeals Counsel is dated June 4, 2009, which is one day after this appeal was filed in this Court. (Docket No. 23-1 at 1). The Appeals Counsel had denied Plaintiff's request for review on March 26, 2009, thus the Commissioner's decision was already final when the additional evidence was sent. (R. at 1-3). Furthermore, the Appeals Counsel no longer had jurisdiction of this case, as the appeal to the District Court was filed on June 3, 2009. As a result, the additional evidence cited by Plaintiff at (Docket No. 23-1) must be considered under sentence six of 42 U.S.C. §405(g).

4

The sixth sentence of § 405(g) provides, in pertinent part, that the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Thus, the Court is empowered to order the taking of additional evidence before the Commissioner, provided that Plaintiff demonstrates that there is "new evidence which is material" to the ultimate issue of disability in this case, and that there was "good cause" for the failure to incorporate such evidence into the record during the course of the proceedings before the ALJ. Evidence is "new" if it was not available at the time of the administrative proceedings, and if it is not merely cumulative of preexisting evidence. *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir.1984). Evidence is "material" if (1) it relates "to the time period for which benefits were denied" and (2) there is a reasonable probability that the Commissioner's decision would have been different had it been considered. *Kelley v. Commissioner of Social Security*, 566 F.3d 347, 351, n. 11 (3d Cir.2009); *Jens v. Barnhart*, 347 F.3d 209, 214 (7th Cir.2003); *Szubak*, 745 F.2d at 833.

The Commissioner argues that the evidence cited by Plaintiff fails to meet all three requirements for a sentence six remand. The Court agrees. First the evidence is dated January 10, 2008, which was three months prior to Ronald Gmitter's death and almost eight months prior to substitution of parties and request to wave a hearing. (R. at 40.) In the letter to the Appeals Counsel, sent after their final decision, Plaintiff stated that the records were unavailable and not attainable prior to the ALJ's decision due to administrative and legal issues involving the creation of Ronald Gmitter's estate. (Docket 23-1). The Commissioner points out, however, that Plaintiff had already requested 30 days to submit additional evidence to the ALJ on September 3, 2008, due to issues

5

involving Ronald Gmitter's estate and at that point the evidence now cited was ten months old. (R. at 19.) As a result, Plaintiff has not provided a sufficient showing why the additional evidence cited was not available at the time of the administrative proceedings thus it cannot be considered "new" for purposes of a sentence six remand.

As to "material" the Commissioner argues that the evidence cited by Plaintiff would not have changed the ALJ's decision because the evidence does not provide a connection to Ronald Gmitter's cause of death, a myocardial infarction. The CT scan cited by Plaintiff states that a moderate amount of coronary calcifications were found, however, there was no other significant lower thoracic abnormalities found. (Docket No. 23-1 at 2.) The Commissioner states that this would not have provided a basis for the ALJ to conclude that Ronald Gmitter had severe cardiac impairments. Indeed, in the post-procedure report, all that is discussed by the treating physician is Ronald Gmitter's pancreatitis and nothing else is said about the coronary calcifications. (Docket No. 23-1 at 5.) Other than the one passing line, nothing else was stated that would indicate that had any cardiac impairments. As a result, the additional evidence cited would not have changed the ALJ's decision that heart disease was not a medically determinable impairment prior to Ronald Gmitter's death.

Finally, as to "good cause" the Commissioner points out that Plaintiff has not given a reason justifying the late submission of evidence. Although not addressed in his brief, Plaintiff did state in the cover letter to the Appeals Counsel that the records were not available due to ongoing administrative and legal issues with Ronald Gmitter's estate. This does not explain, however, why after fifteen months from Ronald Gmitter's death, the medical records became available. As a result, Plaintiff's reason for the delay (albeit not found in the brief) is too vague of a reference to the

unavailability of the evidence and is thus insufficient to establish "good cause" within the meaning of sentence six. As noted by the United States Court of Appeals for the Third Circuit:

> We should encourage disability claimants to present to the ALJ all relevant evidence concerning the claimant's impairments. If we were to order remand for each item of new and material evidence, we would open the door for claimants to withhold evidence from the ALJ in order to preserve a reason for remand. Instead, we believe that it is a much sounder policy to require claimants to present all material evidence to the ALJ and prohibit judicial review of new evidence unless there is good reason for not having it brought before the ALJ. Such a holding is instrumental to the speedy and orderly disposition of Social Security claims.

*Matthews v. Apfel*, 239 F.3d 589,595 (3d Cir. 2001)(internal citations, quotations and footnotes omitted). Therefore, the additional evidence cited by Plaintiff does not meet the criteria for a sentence six remand.

The second issue raised by Plaintiff is that the ALJ did not properly consider all the limitations arising from the severe impairments of excessive daytime sleepiness and possible narcolepsy. The ALJ found the following in regards to Ronald Gmitter's blackouts:

> In terms of the claimant's alleged episodes of blacking out, the hazards presented by his excessive daytime sleepiness have been accommodated by restricting against the performance of activities that would require or involve such hazards. However, only a small portion of the jobs available in the national economy involve such hazardous activities.

(R. at 16.) The ALJ went on to find that Ronald Gmitter could not perform his past relevant work as a warehouse worker due to the exposure to hazardous equipment, however, it was concluded that Ronald Gmitter could perform jobs that were there was no exposure to hazardous equipment.

Plaintiff argues that the finding that Plaintiff could not perform his past relevant work should have precluded him from working any job. Plaintiff does not cite, however, any evidence in the

7

record to indicate that the residual functional capacity assessment by the ALJ did not fully cover all of Ronald Gmitter's limitations. Likewise, there is no citation indicating why the ALJ's finding that there existed other jobs without exposure to hazardous equipment is not supported by substantial evidence.

As a result, in reviewing the record as a whole, substantial evidence supports the ALJ's residual functional capacity assessment and findings that Plaintiff could have worked other jobs in the economy that did not have exposure to hazardous equipment or unprotected heights.

## IV. Conclusion

In viewing the record as a whole, substantial evidence supports the Commissioner's final decision and therefore it will be affirmed.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CINDY GMITTER, <br> O/B/O RONALD J. GMITTER, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL J. ASTRUE, <br> Commissioner of Social Security, <br><br> Defendant. | Civil Action No. 09-715 |

## ORDER

AND NOW, this 16th day of September, 2010, and for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment [Doc. No. 22] is DENIED, and the Defendant's Motion for Summary Judgment [Doc. No. 26] is GRANTED.

Gary L. Lancaster
Chief United States District Judge

cm: All parties of record.